# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GENE MCNEELEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PERRY AND CANE,<br><br>　　　　　Defendants. | CV F   02 5385 AWI SMS P<br><br>ORDER DENYING MOTION TO COMPEL (Doc. 76.)<br><br>ORDER DISREGARDING MOTION TO DISMISS REQUESTS FOR DISCOVERY AND MOTION TO DISMISS UNNEEDED WITNESSES FROM DISCOVERY LIST (Docs. 79, 80.) |

　　　Robert Gene McNeeley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On June 29, 2005, Plaintiff filed a Motion to Compel Discovery.  Plaintiff seeks to compel copies of his medical records and central files but states he has no way of obtaining them through discovery from the California Department of Corrections.   Plaintiff states that he also "seeks discovery through witnesses."  (Doc. 76 at 1.)

　　　On July 8, 205, Defendants filed an Opposition to the Motion to Compel.   Defendants argue that the Motion should be denied because Plaintiff's have properly responded to, or made objections to, Plaintiff's request for copies of his medical records.  In addition, Defendants assert that Plaintiff has failed to comply with local rule 34-250(c) by not identifying the requests that are the subject of the Motion.  (Doc. 77 at 2-3.)

On July 25, 2005, Plaintiff filed a Response to the Opposition to the Motion to Compel. Plaintiff states that the Court should order that Defendants produce the records requested as they are "very few." (Doc. 78. at 1-2.)

On August 15, 1005, Plaintiff filed a Motion to Dismiss request for discovery in part. In this pleading Plaintiff states that without the "number of records" he will have to dismiss a number of witnesses. (Doc. 79 at 2.) Plaintiff states that this will make things as simple as possible so "time will not be wasted." Id.

On August 22, 2005, Plaintiff moved to dismiss unneeded witnesses from the discovery list. Plaintiff then lists a number of individuals and states that they will be taken off his "original list." (Doc. 80 at 1. )

**A. Motion to Compel**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). Where a party fails to make the required disclosures, a party may move to compel the production of documents. Fed. R. Civ. P. 37(a). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objections." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992)(*citing* to Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).

In this case, Plaintiff has moved this Court to compel the production of his medical records. In response, Defendants object stating that Plaintiff has been informed of the location of the documents and how he may obtain inspection and copying of them. (Opposition at 2.) In addition, Defendants contend that Plaintiff has failed to comply with Local Rule 34-150(c) by identifying which document requests are the subject of his motion. (Opposition at 3.)

In Plaintiff's Reply to the Opposition, Plaintiff states that Defendants should be required to produce the documents as they are "very few." Plaintiff also states that he has been told that he has been told that certain parts of the records "cannot be found."

The Court will not order defendants to produce documents that are equally accessible to

both parties. Further, it appears from Plaintiff's Reply that he has already reviewed his records as he has been told that some of what he is requesting "cannot be found." Finally, Plaintiff's later filed a Motion to dismiss from his requests for discovery those requests pertaining to his request for the production of medical records, indicates that Plaintiff's Motion to Compel is moot. (Doc. 79 at 1.) Accordingly, in light of all of the above, the Motion to Compel is DENIED.

**B. Motion to Dismiss Requests for Discovery and Unneeded Witnesses from Discovery List**

Plaintiff filed a pleading titled Motion to Dismiss request for discovery in part, wherein he states that he wishes to dismiss his request for production of his medical records. (Doc. 79 at 1.) Similarly, Plaintiff filed a pleading titled Motion to Dismiss unneeded witnesses from discovery list.

Plaintiff has been informed previously that following the opening of discovery, discovery propounded on a party becomes self-executing. See Local Rules 33-250, 34-250, 36-250. Discovery is conducted between the parties. Thus, Plaintiff's discovery requests are to be served on the opposing party only. Request pertaining to discovery should not be made through the court as a Motion. In the event of a discovery dispute, only then is it proper to seek court intervention via a Motion. Thus, with regard to Plaintiff's Motion to Dismiss requests for discovery and witnesses from the discovery list, such requests should be made to the opposing party directly and not the Court.

To the extent Plaintiff wanted to withdraw his Motion to Compel, the proper way of notifying the Court was to file a pleading titled "Motion to Withdraw Motion to Compel." In any event, the Court will DISREGARD Plaintiff's Motion to Dismiss requested discovery and Motion to Dismiss unneeded witnesses pursuant to the above.

IT IS SO ORDERED.

**Dated:    September 7, 2005**              /s/ Sandra M. Snyder
icido3                                                  UNITED STATES MAGISTRATE JUDGE